ROBERT T. BURTON AND ALBERT DEWEY, RESPON-
DENTS, v. THE WINSOR UTAH SILVER MINING
COMPANY ET AL., APPELLANTS.

1. SHERIFF AND HIS DEPUTY, JOINDER OF AS PLAINTIFFS.—D., a deputy
sheriff, by virtue of a writ of attachment against S. levied upon certain
personal property as the property of S. W. claiming to be a vendee of S.
took said property from the possession of the deputy sheriff, D.; whereupon
the sheriff, and D., his deputy, commenced an action against "W." for the
value of the property so taken, both joining as plaintiffs. *Held*, That the
sheriff and his deputy are jointly and severally liable for the acts of the
deputy, and may jointly maintain an action for the value of the property
levied upon by the deputy and taken from his possession.

2. CORPORATION—DECLARATION OF AN AGENT OF.—When, an action for
the value of certain personal property, the defendant claims to have pur-
chased such property from a corporation, the declarations of an agent of
such corporation, made while acting within the scope and bounds of his
authority, and while in possession of the property in question, are admis-
sible in evidence on the part of the plaintiff as tending to show that no
sale of such property had been completed at the time of such declarations.

3. WITNESS—CROSS-EXAMINATION OF.—When a witness testifies to the
sale and delivery of certain personal property to defendant, the plaintiff on
cross-examination has the right to inquire, and to know whether the mode
or manner of making such sale was the one usually adopted by him. Such
testimony goes to the *bone fides* of the transaction, and is competent, in order
that the jury may determine whether there was an actual sale and delivery
of such property or not.

4. WRITTEN MEMORANDA—AS EVIDENCE.—A mere memoranda, made by
a witness, may be referred to by him in order to refresh his memory, but
is not itself competent evidence.

Appeal from the Third Judicial District Court.

The facts are sufficiently stated in the opinion of the court.

*Baskin and De Wolfe*, for appellants.

The Practice Act only provides for one trial on issues of
facts, and but for one answer, in which the defendant may set
up any new matter constituting a defense. Sec. 46, Practice
Act.

Robert T. Burton et al. v. The Winsor Utah Silver Mining Co. et al.

Where it appears upon the face of the complaint that there is a defect, or misjoinder of parties, the defendant may demur, otherwise the objection may be taken by answer. See § 40, Sub-division 4, of Practice Act. § 44 Practice Act.

If no such objection be taken either by demurrer or answer, the same shall be deemed waived. § 45, of Practice Act; *Gilman* v. *Sigman*, 29 Cal. 639; 30 Ibid. 126.

Under the Code, when the objection is made in the manner pointed out, the effect is the same as at Common Law; that is, a demurrer will be sustained, or a non-suit granted, or the jury instructed to return a verdict in favor of defendants, according to the form in which the objection is raised.

Where the action is joint, all of the plaintiffs must recover, or neither can. *Sunol* v. *Hepburn*, 1 Cal. 260; *Pettibone* v. *Phelps*, 13 Conn. 449; *Hodge* v. *Northern Mo. R. R.*, 1 Dillon, 104; *Heath* v. *Lent*, 1 Cal. 410; *Acquittal* v. *Crowell*, Ibid. 191.

The Practice Act has not changed the foregoing rules, except as to the form of correcting the same, in the case of a misjoinder of plaintiffs. *Canal Co.* v. *Snow*, 49 Cal. 155.

It is not claimed, and the evidence does not show, that the plaintiff, Dewey, ever claimed to be in possession of, or to hold, the bullion, except in the capacity of deputy sheriff.

The possession thus acquire l by Dewey, as deputy, was the possession of the sheriff, Bu t n, and he can not maintain an action in his own name, against persons for taking the bullion from his possession, as such an action can only be brought by the sheriff. *Terwilliger* v. *Wheeler*, 35 Barb. 623; *Easly* v. *Dye*, 14 Ala. 158; *Hampton* v. *Brown*, 13 Iredell, 18; 2 Hilliard on Torts 196, note *a*.

The court erred in permitting Tiernan to testify as to the declarations of Crossett. Story on Agency, §§ 134, 135, 136; 1 Greenl. on Ev. 114.

The court erred in allowing Wilson and Clohecy to testify as to the ordinary way in which bullion was sold for the Saturn Company, because it was foreign to the issue, and did not tend

to disprove the sale of the bullion, claimed by defendants.   See 1 Greenl. on Ev., §§ 51, 52.

*Marshall & Royle,* for respondents.

John Tiernan's testimony was properly admitted, because it went to prove that Crossett was the superintendent of the Saturn Company, and had in charge the smelter of the company, did the purchasing of ores, and smelting same into bullion, and that he had in part charge of the selling of the bullion, and that Crossett's statements were made within the scope of his employment.

Wilson's and Clohecy's testimony, as to the ordinary manner in which the Saturn Company made sales of bullion, and delivery thereof, was admissable.   For in the absence of a special sale, as is claimed in this action, the ordinary mode of sales must control.

As to misjoinder of parties plaintiffs.   There is no dispute but that Burton, the sheriff, could maintain this action alone. This being so, what effect would the joinder of the deputy, Dewey, have?   In the case of *Gibbs* v. *Chore,* 10 Mass. 125, the court held that the title of a deputy sheriff to personal property, seized under execution, is sufficient to maintain trespass against a stranger for a tortious disturbance of his possession.   If the sheriff and his deputy could maintain the action separately, under their possession by virtue of the levy, what in reason or law would or could prevent them both joining in the same action.   Their possession is a mixed possession, and each could maintain or they might jointly maintain this action.   7 T. R. 10; 16 East, 33; 4 T. R. 490.

Title or possession in the plaintiffs is all that is necessary to maintain this action.   *Hume* v. *Tufts,* 6 Blackf. (Ind.) 136; *Cannon* v. *Kinney,* 4 Ill. 9; 6 Watts & S., 323; 17 Wend., 91; 51 How. Pr., 22; see also case in United States Dig., 1 Series, vol. 13, pp. 168 and 169.

The written memorandum identified by Clohecy, was not signed by any one, nor did it in any way relate to or bear

upon the issues in this action, and was therefore properly ruled out.

EMERSON, Associate Justice, delivered the opinion of the Court:

This is a case of two creditors, each endeavoring to secure his debt out of the same property, one by attachment, the other by a purchase of the property; and the question in the case is, was there a sale and delivery of the property to the appellants. The property which is the subject of this litigation is lead bullion, manufactured by and at the works of the Saturn Mining Company. The respondents were respectively sheriff and deputy sheriff of Salt Lake county. The respondent, Dewey, as deputy sheriff had seized the property on a writ of attachment in favor of the First National Bank against the Saturn Silver Mining Company, and took the same into his actual possession, and it remained in his possession until taken by the Territorial marshal on a writ of replevin in favor of the Winsor Utah Silver Mining Company and Blue Jacket Mining Company, and against these respondents. The claim is that the property had been sold and transferred to the plaintiffs in the replevin suit, previous to the levy by the respondents under the writ of attachment. Judgment was obtained by the plaintiff in the attachment suit, and now these respondents bring suit to recover the value of the bullion levied upon by the deputy sheriff, and taken from his possession by the appellants.

We see no objection to the joining of the respondents in bringing this suit. The sheriff and his deputy are jointly and severally liable for the acts of the deputy. They may jointly maintain an action for property levied upon by the deputy and in his possession.

The appellants claim that the court erred in permitting Tiernan to testify as to the declarations of Crossett. Crossett was an agent and servant of the debtor corporation and in charge of the property. The evident object of the testimony

was to furnish a link in a chain of evidence to show that the title to the property mentioned was still in the corporation. True it was his declaration which was sought to be proved, but his declaration about the property in his charge and custody. According to the testimony when the property was sold an order would be drawn upon him, for the property, in favor of the vendee. His declaration was simply evidence tending to show that it had not up to that time been sold, and certainly that it had not then passed out of the possession of the corporation for which he was acting. It is true the evidence was not conclusive that it had not been bargained by some other agent of the corporation. His statement was in substance that it was for sale, that his principal was anxious to realize upon it, and as has been stated it was in his possession and charge. The declaration was made while he was acting within the scope and bounds of his authority, and was competent to be given to the jury, as evidence tending to show that no sale of the property had been completed up to that time.

The next error assigned is as to the admission of the testimony of witnesses as to whether the alleged sale and delivery was made in the usual and ordinary manner of the vendor in selling that class of property. The question arose in the cross-examination of appellants' witnesses. They had been put upon the stand by them to establish the sale and delivery, and the respondents had a right by cross-examination to the fullest investigation upon those points, and in doing this had a right to inquire, and to know whether the mode and manner alleged to have been adopted in this case, was the one usually adopted by them. It was calculated to characterize the *bona fides* of the transaction, and was competent testimony for the jury to weigh in determining whether there was an actual sale and delivery.

The written memoranda was properly rejected. It was signed by no one, and was a mere memoranda made by the witness. It might be referred to by him to refresh his recollection, but was not itself competent evidence.

The law as applicable to this case was correctly laid down by the court in its instructions given, nor do we see any error in refusing to give those claimed to the appellants

